IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard Stadmire,                   Case No. 1:09 CV 669

          Petitioner,            MEMORANDUM OPINION
                                      AND ORDER

      -vs-                                JUDGE JACK ZOUHARY

Robert Welch,

          Respondent.

## INTRODUCTION

Petitioner Richard Stadmire, a prisoner in state custody at the Toledo Correctional Institution in Toledo, Ohio, filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). Respondent, Robert Welch, Warden of the Toledo Correctional Institution, filed a Return of Writ (Doc. No. 6) and Petitioner filed a Traverse/Response (Doc. No. 9). Petitioner alleges his detention violates the Ex Post Facto and Due Process Clauses of the U.S. Constitution. This Court has jurisdiction under 28 U.S.C. § 2254(a).

The case was referred to United States Magistrate Judge Armstrong for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2. The Magistrate Judge recommended the Court deny the Petition (Doc. No. 10).

Petitioner filed an Objection (Doc. No. 14) to the Magistrate's R&R. Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made

a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition, though based on other grounds.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record, and this Court adopts them in their entirety (Doc. No. 10, at 2-6). Briefly, in January 2005, a Cuyahoga County Grand Jury indicted Stadmire for crimes committed in April 2001, charging him with two counts of rape, each with firearm and sexually violent predator specifications, one count of aggravated robbery with firearm specification, and one count of kidnaping with firearm and sexually violent predator specifications (Doc. No. 6, Ex. 1). In June 2006, a jury found Stadmire guilty as charged on all four counts of the Indictment (Doc. No. 6, Ex. 2). On recommendation of the prosecutor and pursuant to *State v. Smith*, 104 Ohio St. 3d 106 (2004), the trial court dismissed the sexually violent predator specifications on the rape and kidnaping counts (Doc. No. 6, Ex. 2). In August 2006, Petitioner was sentenced to forty-three years in prison on Counts 1 and 2 of rape, each with a firearm specification, Count 3 of aggravated robbery with a firearm specification, and Count 4 of kidnaping. The term of imprisonment included consecutive ten-year terms of incarceration on each of Counts 1 through 4, along with a three-year sentence for the merged firearm specifications (Doc. No. 6, Ex. 4).[1]

---

[1] This sentence was to be served consecutively to a twenty-five and a half year sentence imposed on Petitioner for his conviction in March 2002 on one count of aggravated robbery, one court of kidnaping, one count of gross sexual imposition, and one count of misuse of a credit card. *State v. Stadmire*, No. CR-410305 (Doc. No. 6, Ex. 5).

Stadmire claims that because his offenses were committed before the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1 (2006), his non-minimum and maximum sentences imposed after *Foster* violate ex post facto and due process principles.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, and rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo,* 365 F.3d 487, 493-494 (6th Cir. 2004). Furthermore, Rule 8(b)(4) of the Rules Governing Section 2254 states: "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate."

3

**ANALYSIS**

The Petition sets forth one ground for review:

The severance remedy set forth in State v. Foster, 109 Ohio St. 3d 1, violated Petitioner's right to due process of law and the protection against Ex Post Facto law as guaranteed by the Due Process and Ex Post Facto Clauses of the United States Constitution.

(Doc. No. 1, at 15) (spacing and spelling modified).

Petitioner raises three objections in response to the Magistrate's R&R: (1) Petitioner claims the R&R does not address the challenge that his sentence exceeded what Ohio defined as the statutory minimum but that *Blakely v. Washington*, 542 U.S. 296, 303 (2004), defined as the statutory maximum; (2) the R&R incorrectly defines the maximum sentence to which he was subject prior to *State v. Foster*; (3) unlike the remedy in *United States v. Booker*, 543 U.S. 220 (2005), the remedy adopted by the Ohio Supreme Court in *Foster* violates the Ex Post Facto and Due Process Clauses of the United States Constitution. Because these objections are interrelated, this Court will address them together.

The Ex Post Facto Clause prohibits a state from passing a law that (1) criminalizes an action done before the law was passed, (2) aggravates a crime, or makes the crime greater than it was when committed, (3) changes the punishment to inflict greater punishment than the law provided when the crime was committed, or (4) alters the legal rules of evidence so that less or different testimony is required than at the time the offense was committed. *Rogers v. Tennessee,* 532 U.S. 451, 456 (2001) (citing *Calder v. Bull,* 3 U.S. 386, 390 (1798)) (quotations omitted). The Ex Post Facto Clause applies "as a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government." *Id.* (quoting *Marks v. United States,* 430 U.S. 188, 191 (1977)). Nevertheless, the "limitations on ex post facto judicial decision-making are inherent in the notion of

4

due process." *Id.* Consequently, the principles of the Ex Post Facto Clause apply to the courts through the Due Process Clause. *See id.* at 458-59. Because these principles are viewed through the lens of due process in the judicial context, the constitutionality of judicial action turns on the traditional due process principles of "notice, foreseeability, and, in particular, the right to fair warning," rather than the specific prescriptions of the Ex Post Facto Clause. *Id.*; *see also Hooks v. Sheets*, 603 F.3d 316, 320-321 (6th Cir. 2010).

To fall within the ex post facto prohibition, two critical elements must be present: first, the law "must be retrospective, that is, it must apply to events occurring before its enactment"; and second, "it must disadvantage the offender affected by it." *Miller v. Florida*, 482 U.S. 423, 430 (1987) (citing *Weaver v. Graham,* 450 U.S. 24, 29 (1981)). However, no ex post facto violation occurs if a change does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance." *Dobbert v. Florida* 432 U.S. 282, 293 (1977).

Petitioner alleges his sentence violates his Sixth Amendment right to trial by jury as set forth by the Supreme Court in *Blakely v. Washington*, because the trial court sentenced him to the non-minimum and maximum prison term without relying upon factual findings made by a jury to enhance his sentence. Furthermore, Petitioner contends that *State v. Foster* violates the Ex Post Facto and Due Process Clauses of the United States Constitution, because *Foster* increased the statutory presumptive maximum term from the pre-*Foster* presumptive term in effect when the crimes were committed.

In *Blakely*, the U.S. Supreme Court found the trial court's sentencing violated Blakely's Sixth Amendment right to trial by jury because the facts supporting his exceptional sentence were neither admitted by petitioner nor found by a jury. 542 U.S. at 298. Petitioner Blakely pleaded guilty to kidnaping his estranged wife. *Id.* The facts admitted in his plea, standing alone, supported a

5

maximum sentence of fifty-three months, but the judge imposed a ninety-month sentence after finding that petitioner had acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range. *Id.* The *Blakely* court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Furthermore, the Supreme Court clarified that in this Sixth Amendment context "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Blakely*, 542 U.S. at 303-304. Thus, with the exception of prior criminal convictions and the defendant's consent to judicial fact-finding, the Sixth Amendment prohibits a judge from imposing a sentence greater than that allowed by a jury verdict or a defendant's admissions at a plea hearing.

In light of *Blakely* and *Apprendi*, the Ohio Supreme Court in *Foster* struck down certain provisions of Ohio's sentencing guidelines that permitted sentencing enhancements based on judicial fact-finding. The court severed three unconstitutional enhancements -- Revised Code Sections 2929.14(B), 2929.14(C) and 2929.19(B)(2) -- related to non-minimum and maximum sentences in Ohio's sentencing guidelines. *Foster*, 109 Ohio St. 3d at 29. Furthermore, following a similar severance remedy adopted by the U.S. Supreme Court in *Booker*, the *Foster* court held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 30.

6

Petitioner asserts that because his offenses were committed before *Foster*, his non-minimum and maximum sentences, imposed after *Foster* and based on *Foster*'s elimination of the trial court's fact-finding requirements, constitutes the retroactive application of an unforeseeable judicial enlargement of criminal sentencing to the Petitioner's disadvantage. Petitioner also claims that under *Blakely* the statutory maximum is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Petitioner thus contends that, in contrast to the Magistrate's determination in the R&R, he only faced a maximum sentence of twelve years prior to *Foster* for his conviction on the four first-degree felonies (three years per count), and the trial court's imposition of a sentence of forty-three years (ten years per count along with the three year merged firearm specification), without findings of fact by a jury to support this sentence, worked a disadvantage on Petitioner, altered his substantial rights, and violated ex post facto prohibitions. As a result, Petitioner maintains he is serving an unconstitutional sentence. We disagree.

Petitioner's criminal conduct was prohibited by Ohio statutes before *Foster,* and those same statutes provided him notice of the potential range of sentences he could receive. *Rhoads v. Welch*, 2009 WL 3600330, at *4 (N.D. Ohio 2009); *see also U.S. v. Jamison*, 416 F. 3d 538, 539 (7th Cir. 2005); *State v. Elswick*, 2006 WL 3833868, at *24 (Ohio App. 11 Dist. 2006). *Foster* did not enlarge the potential sentence, but instead harmonized Ohio's sentencing practices with *Blakely*, which held that in the context of mandatory state law sentencing guidelines, state court judges are prohibited from enhancing criminal sentences based on facts other than those decided by the jury or admitted by the defendant. *See Arias v. Hudson*, 589 F.3d 315 (6th Cir. 2009) (recognizing *Foster* correctly determined Ohio's sentencing scheme violated *Blakely*). The statutory range of permissible sentences

7

for the crimes Petitioner committed remained **unchanged** before and after *Foster*. *Rhoads*, 2009 WL 3600330, at *4.

When Petitioner committed the crimes at issue in 2001, he had notice and fair warning he could be sentenced up to a maximum of ten years per count on a first-degree felony. Thus, Petitioner's potential sentence was foreseeable. "The Sixth Amendment jury trial right simply ensures that the defendant will never get *more* punishment than he bargained for when he did the crime; it does not promise that he will receive anything less than that." *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (internal quotations omitted). The "ex post facto challenge fails because there has been no increase in potential punishment." *State v. Elmore*, 122 Ohio St. 3d 472, 477 (2009). "Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto." *Dobbert v. Florida*, 432 U.S. 282, 293-294 (1977).

Petitioner cites *Miller v. Florida*, 482 U.S. 423 (1987), to argue that the *Foster* remedy led to an actual, if not technical, change in the terms of the sentencing statutes, and that this is barred by ex post facto limitations. In *Miller,* Florida's presumptive prison range for an offense was changed by the legislature from 3 1/2 - 4 1/2 years to 5 1/2 - 7 years. *Miller,* 482 U.S. at 424, 426-28.

The United States Supreme Court held that the application of the revised guidelines in effect at sentencing, rather than those in effect when Miller committed his offenses, constituted an ex post facto violation. The *Miller* court found that the defendant was "substantially disadvantaged" by imposition of the sentence under the new guidelines because it foreclosed his ability to challenge the imposition of a sentence longer than the presumptive sentence under the old law. *Id.* at 433.

*Miller,* however, is distinguishable from Petitioner's case. Before *Foster,* Petitioner was always subject to a sentence range of three to ten years for his conviction of each of the first-degree

8

felonies and a one-year sentence for each of the firearm specifications. After *Foster,* there is no increased presumptive sentence range, which was the ex post facto violation in *Miller*.

Petitioner thus fails to demonstrate that the retroactive application of *Foster's* elimination of the trial court's fact-finding requirement violates the Ex Post Facto Clause or Due Process Clause of the United States Constitution. Petitioner did not receive a sentence greater than that allowed under the laws of Ohio at the time he committed his crimes, and *Foster* therefore did not alter Petitioner's substantial rights.

## CONCLUSION

After conducting a *de novo* review, Petitioner's objections are not well taken. Accordingly, the Petition for Writ of Habeas Corpus is dismissed. Furthermore, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability, and Petitioner's request for leave to file *in forma pauperis* (Doc. No. 14) is denied as moot.

IT IS SO ORDERED.

                                             s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

                                             October 28, 2010